UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Cause No. 4:09-cr-16-SEB-MGN |
| | ) | |
| DARRYL BRADLEY, | ) | |
| | ) | |
| Defendant | ) | |

## **MAGISTRATE JUDGE=S REPORT AND RECOMMENDATION**

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on May 20, 2014, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on May 15, 2014, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. ' ' 3401(i) and 3583(e) and (g). An Initial Hearing in this matter was held on May 27, 2014, and disposition proceedings were held on May 30, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. ' 3583.

At the Initial Appearance, the defendant, Darryl Bradley, appeared in person with his appointed counsel, Jerry McGraw. The government appeared by Matthew Rinka, Assistant United States Attorney. U.S. Probation appeared by Brian Bowers, who participated in the proceedings. At the Final Revocation Hearing, the defendant appeared in person with appointed counsel, Jerry McGraw. The government appeared by Todd Shellenbarger, Assistant United States Attorney. U.S. Probation appeared by Ross Carothers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 *Federal Rules of Criminal Procedure* and 18 U.S.C. ' 3583:

1. On May 27, 2014, Jerry McGraw was present for the initial hearing and was appointed by the Court to represent Mr. Bradley regarding the pending Petition on Offender Under Supervision.

2. A copy of the Petition on Offender Under Supervision was provided to Mr. Bradley and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Bradley was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Bradley was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Bradley was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Bradley was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Bradley had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker=s designation entered on May 20, 2014.

7. Mr. Bradley stated his readiness to waive the preliminary hearing, and a written waiver waiving the preliminary hearing was executed in open court.

8. The government orally moved for detention, and a Detention Hearing was set for May 30, 2014, at 3:30 p.m.

9. On May 30, 2014, Mr. Bradley appeared with CJA counsel, Jerry McGraw, for the scheduled detention hearing. The parties then advised the Court they had reached an agreement as to a recommended disposition which they wished to submit to the Court.

10. The parties stipulated the following in open Court:

    (a)    The defendant admitted in open Court the allegations contained in Violation Number 1 of the Petition. The parties stipulated that the defendant's supervised release would be revoked and the defendant would serve eighteen (18) months imprisonment with no term of supervised release to follow.

    (b)    The government moved to dismiss Violation Numbers 2, 3, and 4.

11. The Court then proceeded to a revocation hearing upon the allegations of alleged violations of the Terms of Supervised Release, particularly as set out in Violation Number 1 of said Petition. The Court placed Mr. Bradley under oath and inquired of him whether he admitted to the specifications alleged in the Petition on Offender Under Supervision, and Mr. Bradley admitted the allegations contained in Violation Number 1. The Court specifically inquired of Mr. Bradley whether he was making these admissions voluntarily and free from any duress, promises or undue influence. The Court further advised the defendant that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which the defendant answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Number 1. The violation is summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | *"The defendant shall refrain from any unlawful use of a controlled substance."* |
| | *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any* |

> *paraphernalia related to any controlled substances, except as prescribed by a physician."*
>
> *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."*
>
> On May 21, 2013, the offender submitted a urine sample to his state parole officer that was positive for methamphetamine. He signed an admission form admitting his illicit drug use. Mr. Bradley was verbally admonished and referred to Centerstone in North Vernon, Indiana, for substance abuse treatment.
>
> On June 28, 2013, the offender submitted a urine sample to this officer that was positive for methamphetamine. Although he denied drug use, the sample was sent for confirmation testing and was confirmed positive for methamphetamine.
>
> On July 5, 2013, the offender tested positive for methamphetamine and again denied illicit drug use. On July 8, 2013, the offender admitted to this officer he had been using methamphetamine only hours prior to the sample being collected during the home visit three days earlier. The offender was instructed to report his drug use to his substance abuse counselor. On July 11, 2013, the offender signed a *Waiver of Hearing to Modify Conditions of Probation/Supervised Release* wherein he agreed to serve up to six months on the Location Monitoring Program. The Court was subsequently informed of the previous positive drug tests and ordered the modification as a sanction for his noncompliance. He successfully completed the location monitoring program on February 24, 2014.
>
> On March 23, 2014, the offender submitted a urine sample at 10:45 a.m. that was suspected to be adulterated. He was instructed to provide a secondary sample, which he did at 11:52 a.m. Both samples were abnormal and substitution was suspected. On April 8, 2014, the offender was confronted with the abnormal results. He stated he had taken two Tylenol 3 pills that were not prescribed to him, so he substituted both samples.
>
> On April 8, 2014, the offender submitted a urine sample which was positive for methamphetamine. Although he denied drug use, the sample was sent for confirmation testing and confirmed positive for methamphetamine.
>
> On April 29, 2014, the offender submitted a urine sample which was positive for methamphetamine. Although he denied drug use, the sample was sent for confirmation testing and confirmed positive for methamphetamine.

12. Based on the information available to the Court, the Court further finds the following:

    (1)    Mr. Bradley has a relevant criminal history category of IV. *See,* U.S.S.G.

        ' 7B1.4(a).

(2) The most serious grade of violation committed by Mr. Bradley constitutes a Grade B violation, pursuant to U.S.S.G. ' 7B1.1(b).

(3) Pursuant to U.S.S.G. ' 7B1.4(a), upon revocation of supervised release, the range of imprisonment applicable to Mr. Bradley is 12-18 months.

(4) The appropriate disposition for Mr. Bradley's violation of the conditions of supervised release is as follows:

(a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of eighteen (18) months with no term of supervised release to follow.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated condition of his supervised release as set forth in Violation Number 1 of the Petition. Violation Numbers 2, 3 and 4 are dismissed. The defendant=s supervised release is hereby **REVOKED,** and Mr. Bradley shall be committed to the Bureau of Prisons to serve a term of imprisonment of eighteen (18) months with no term of supervised release to follow.

The Magistrate Judge requests that Ross Carothers, U.S. Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of fact, conclusions of law and recommendation.

Counsel for the parties and Mr. Bradley stipulated in open court waiver of the objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D. Ind. L.R. 72.1 (d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Bradley entered the above stipulation and waiver after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Darryl Bradley's supervised release.

**IT IS SO RECOMMENDED** this 4th day of June, 2014.

_____
Michael G. Naville, Magistrate Judge
United States District Court

Distribution:

Distribution to all electronically registered counsel via CM/ECF

U.S. Marshal

U.S. Probation Office